IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JASON J. NICHOLSON,<br><br>    Plaintiff,<br><br>v.<br><br>SCOTT BESSENT, Secretary of the Treasury; and INTERNAL REVENUE SERVICE,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 1:25-cv-00049-AMA-JCB<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Jared C. Bennett |

    Before the Court is a Report and Recommendation[1] issued by United States Magistrate Judge Jared C. Bennett, filed on June 26, 2025, which recommends the Court dismiss this action with prejudice. The parties were notified of their right to file objections to the Report and Recommendation within fourteen days of service. On July 9, Plaintiff Jason Nicholson filed an Objection,[2] which the Court evaluates in detail below.

## DISCUSSION

    Having reviewed all relevant materials, including the reasoning set forth in the Magistrate Judge's June 26 Report and Recommendation, the Court will overrule Mr. Nicholson's Objection, adopt the Magistrate Judge's June 26 Report and Recommendation, and dismiss this case with prejudice. In light of Plaintiff filing his objection, the Court "must determine de novo

---

[1] ECF No. 7.

[2] ECF No. 8.

any part of the magistrate judge's disposition that has been properly objected to."[3] To trigger de novo review, objections must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute."[4]

Mr. Nicholson raises one objection to the Magistrate Judge's Report and Recommendation. Mr. Nicholson asserts that the Magistrate Judge was incorrect in finding Mr. Nicholson's Complaint untimely. Accordingly, the Court will conduct a de novo review to determine the timeliness of this action and whether Mr. Nicholson may be entitled to equitable tolling.

An individual with a mixed case appeal on which the Merit Systems Protection Board ("MSPB") has issued a decision must file a civil action in district court within thirty days of receipt of notice that the Equal Employment Opportunity Commission ("EEOC") either concurs with or declines to consider the MSPB's decision.[5] Here, Mr. Nicholson has not proffered the date he received the EEOC's decision, but the notice provides that "[f]or timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was made available to the parties."[6] Thus, as the decision was issued on March 27, 2024, the time for Mr. Nicholson to file suit against Defendants began running five days later on April 1, 2024.[7] This brings Mr. Nicholson's deadline for filing to May 1, 2024. As the Magistrate Judge

---

[3] Fed. R. Civ. P. 72(b)(3); *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("De novo review is statutorily and constitutionally required when written objections to a magistrate's report are timely filed with the district court.").

[4] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

[5] C.F.R. § 1614.310(c)–(d).

[6] ECF No. 1, Ex. 2 at 4.

[7] *Id*. at 3–4.

noted, Mr. Nicholson did not file his Complaint in this action until April 14, 2025, 348 days after receipt of the EEOC's decision.

Mr. Nicholson, however, argues that this action should not be dismissed because he previously filed his whistleblower claim in an earlier action in the District of Utah, case no. 1:24-cv-00090, which was dismissed without prejudice for lack of subject matter jurisdiction.[8] Mr. Nicholson claims that this prior case was timely filed after he received the EEOC letter and asks, in essence, the Court to toll the time of filing of the instant action as if it had likewise been timely filed.[9] But the docket in the previous case clearly refutes Mr. Nicholson's assertion—the prior case was not timely filed either. Mr. Nicholson filed his Motion for Leave to Proceed in forma pauperis and lodged his Complaint on May 29, 2024.[10] As such, the case was not filed until around twenty-eight days after Mr. Nicholson's deadline for filing of May 1, 2024. Mr. Nicholson has thus failed to offer an adequate equitable basis for the Court to disregard the untimeliness of the instant action, and the Court will decline to do so.

Therefore, because this action is untimely, the Court will adopt the Magistrate Judge's Report and Recommendation in its entirety and dismiss the action with prejudice.

---

[8] *Nicholson v. Bessent*, No. 1:24-cv-00090-DAO. The Court may "take judicial notice of its own files and records." *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

[9] *Harms v. I.R.S.*, 321 F.3d 1001, 1006 (10th Cir. 2003) (explaining that dismissal of an untimely filed complaint is warranted unless the plaintiff can show entitlement to waiver, estoppel, or equitable tolling, which are "narrowly construed.").

[10] *Nicholson*, No. 1:24-cv-00090-DAO, ECF No. 1; ECF No. 2.

## ORDER

Based on the foregoing, the Court OVERRULES Plaintiff's Objection, ADOPTS the Magistrate Judge's June 26 Report and Recommendation (ECF No. 7), and DISMISSES the action WITH PREJUDICE.

DATED this 3rd day of October 2025.

Ann Marie McIff Allen
United States District Judge